**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **JAMES W. BOYER,** | |
| **Plaintiff,** | |
| **v.** | **No. 1:26 CV 139** |
| **BRADY THOMAS, and Z. SHIFFLETT,** | |
| **Defendants.** | |

### OPINION and ORDER

James W. Boyer, a prisoner without a lawyer, filed a complaint alleging Urgent Care and the Auburn City Police Department violated the Health Insurance Portability and Accountability Act (HIPPA) with his medical records. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Boyer sues Sheriff Brady Thomas and Deputy Z. Shifflett, but he does not allege they were involved in the HIPPA violation. He does not sue Urgent Care and the Auburn City Police Department even though he alleges they violated HIPPA. "HIPAA prohibits the disclosure of medical records without the patient's consent. *See* 42 U.S.C.

§§ 1320d–1 to d–7. However, without regard to whom he named as a defendant "HIPPA confers no private right of action." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Medical professionals are "bound by the statute's disclosure prohibitions and confidentiality requirements," but the enforcement for violations is the job of the Department of Health and Human Services and not private plaintiffs. *Id.*

This complaint does not state a claim. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: April 6, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT